## STATE OF NEW JERSEY, PLAINTIFF, v. JOSEPH BLACKER, DEFENDANT.

Hudson County Court

Decided January 26, 1951.

468

Mr. *Horace· K. Roberson*, County Prosecutor, attorney for the State (*Mr. William A. O'Brien*, Assistant County Prose- tor, of counsel).

Mr. *Sol Schulman*, attorney for defendant.

DREWEN, J. C. C. This defendant was convicted in the Hudson County Traffic Court of a motor vehicle violation. He appealed to this court and the State now moves to dismiss. The question is briefed on two grounds. First, it is urged that the appeal was out of time under *Rule* 2:11 (g) which provides: "Within 10 days after filing the notice of appeal, the appellant shall apply to the court to which the appeal has been taken for an order fixing the date of hearing. Written notice of the date of hearing shall be served on the prosecuting attorney at least 10 days before the date set for the hearing. If the appellant fails to give the required notice of the date of hearing, the appeal shall be dismissed." It is with respect to service on the "prosecuting attorney" of the prescribed notice of the date of hearing that appellant is claimed to have breached the rule. It is important here to set forth the pro- cedural steps and their dates. The conviction was had on June 20, 1950. A notice of appeal was filed with the clerk of the Traffic Court on June 29, 1950. On June 28 a copy of the notice was served on the attorney for the complaining witness in the Traffic Court proceedings. On July 7, 1950, an order was signed by Judge Ziegener of this court setting July 31, 1950, as the date of the hearing *de novo*. On July 28, 1950, a copy of Judge Ziegener's order was served by appellant upon the prosecutor.

It is not deniable that on the date fixed for hearing this court, as known to all concerned, was not to be in session for the holding of trials or the hearing of appeals *de novo*. Coun- sel urges that his want of timeliness in serving the notice of

hearing date was due to his oversight in serving it on the attorney who represented the complaining witness in the lower court instead of on the county prosecutor. Under the circumstances I think that of no moment. What must be considered is that the established method of fixing dates for the trials of appeals *de novo* throughout the entire period relevant to this inquiry was, and still is, that of a calendar call presented to the court at intervals as announced from time to time by the prosecutor. According to that procedure the present case was placed by the prosecutor in the weekly call for Part I of September 25. On the latter date it was carried over with the consent of or on motion of the prosecutor to the weekly call of October 23, 1950, being then set down for hearing on November 22, 1950. Meanwhile the prosecutor made no motion and indicated no intent to challenge the validity of appellant's status in this court. That motion was made for the first time, and without prior notice, on the aforementioned trial date, viz.: November 22, 1950. This was obviously to appellant's prejudice.

■ I think, for one thing, the facts narrated involve unmistakably a waiver by the State of the omission now in point. Also, it is my view that the spirit and intent of the requirements of subdivision (g) of *Rule* 2:11 would in no way be served by the granting of the State's motion. What the rule requires is "written notice of the date of hearing * * * at least 10 days before the date set for the hearing." Under the established practice as described the court's order cannot be said in any real sense to have fixed the date of hearing. That was not done and could not be done until the processing of the case through the calendar call in the manner stated. The ground of the State's motion in this particular, however it may be said to rest on the letter of the rule, is unreal and the result of its granting would be to deny the appellant a substantial right on a ground that in truth amounts to no better than a fiction. It is not a question here of dispensing with adherence to the ten-day limitation, but rather of recognizing the existence of a system to which appellant was subject that superseded and precluded the purpose as well as the

operation of the rule in that particular. It is plain that as matters stood the notice of hearing date given the prosecutor on July 28, 1950, served the one purpose possible of apprising him of the pendency of the appeal so that it might be listed in the then next calendar call, that of September 25, 1950, which it was. Timely service could have had no different effect.

 The other ground of the motion to dismiss is based upon what is claimed to be appellant's failure to comply with the procedure established by *R. S.* 39 :5–12 and 39 :5–16. The appellant contends that this procedure has been superseded by the provisions of *Rule* 2 :11. The State admits as much in its brief. There are cases which appear to leave no doubt of this (*State v. Yaccarino*, 3 *N. J.* 291 (1949) ; *State v. Smith*, 6 *N. J. Super.* 85 (*App. Div.* 1949) ; *State v. Home Fuel Oil Co., etc.*, 6 *N. J. Super.* 414 (*Cty. Ct.* 1949) ; *State v. Simpkins*, 8 *N. J. Super.* 194 (*App. Div.* 1950)).

The motion to dismiss the appeal is denied.